*James Frost* v. *James Frost Jun.* J. C. WRIGHT, for complainant; R. W. PECKHAM, for defendant Bevans. Application for a retaxation of costs in a foreclosure suit. The chancellor *held* that the act to reduce the expense of foreclosing mortgages in the court of chancery (*Laws of* 1840 *p.* 287) applies only to cases in which the complainant can bring his cause to a hearing, and obtain his decree of foreclosure and sale &c., without the necessity of filing a replication. That where an adult defendant puts in an answer either setting up new matter of defence or putting in issue any material matter stated in the bill, in such a manner as to render it necessary for the complainant to establish such matter by proof at the hearing, the provisions of the act of May 1810, as to the amount of the costs, do not apply.

<span style="float:right">Costs in foreclosure suits.</span>

That the complainant is also entitled to full costs in such cases, although he is enabled to bring his cause to hearing upon bill and answer and to prove the matter put in issue, by the production of documentary evidence, at such hearing, under the second clause of the 17th rule of this court. For the answer of the defendant denies a material matter set forth in the bill, within the intent and meaning of that act, whenever such matter is put in issue, by the general traverse or otherwise, so as to render it necessary to prove such matter upon the hearing of the cause.

In this case a bill of foreclosure was filed against several defendants, one of whom put in an answer, which rendered it necessary to file a replication: in consequence of which that defendant was by the final decree charged with the extra costs thus occasioned, beyond the amount allowed by statute in foreclosure cases where no defence is made. The chancellor decided that in such a case the proper course is to ascertain the whole taxable costs of the complainant in the same manner as if the defendant against whom the extra costs are charged was decreed to pay the whole costs; and then to ascertain the amount of costs which would have been taxable under the statute had such defendant suffered the bill

to be taken as confessed against him for want of an answer. This last amount should then be taxed as the general costs of the cause, to be paid out of the proceeds of the mortgaged premises; and the residue of the first bill, after deducting that amount therefrom, should be taxed as the extra costs occasioned by the putting in of the answer. In the first bill the fees of the register or clerk, for all his services, should be charged of the rate fixed by the general fee bill. But in the last only the charges for the services of register or clerk which are allowed under the act of May 1840, and at the rate therein prescribed. In the first bill all the necessary disbursements in the suit should be charged, and in the other, all of those disbursements which would have been requisite if the answer had not been put in.

*Solicitor's fee for attending at the hearing.*

*Held* that where the solicitor in the cause actually attends the court upon the hearing, he is entitled to the allowance specified in the fee bill, although he happens to be out of the court room at the moment the decree is obtained.

*Charge for attendance on examination of witnesses before an examiner.*

That a solicitor is only entitled to an allowance for attendance on the examination of witnesses, for the number of days he actually attends before the examination. That he cannot charge for his time in travelling to and from the residence of the examiner : nor for the sabbath, when testimony cannot legally be taken ; although he is obliged to remain from home over the sabbath, to continue the examination the next day.

*Costs of term where cause goes over by consent.*

That where a cause is reached upon the calendar and goes over the term at the request and for the particular accommodation of the counsel of the party who finally succeeds in the cause, such party is not entitled to charge his adversary with the costs of noticing the cause, and the other expenses of the term. But where the cause is not reached on the calendar, or goes off for the mutual accommodation of both parties, those expenses are taxable.

Costs directed to be referred back to the taxing officer to be taxed upon the above principles ; and complainant's solicitor ordered to make out and serve a new bill accordingly. Neither party to have costs as against the other upon this application, or the extra costs of the re-taxation.