## PENTZ vs. HAWLEY and others.

In what cases it is proper for several defendants, who appear by the same solicitor, to put in separate answers.

A charge for attending to oppose a motion, pursuant to a notice from the adverse party, is allowable, on the taxation of costs, although the motion was not heard at the term for which it was noticed; provided it was put over upon the application of the party giving such notice. *Aliter* where the hearing of a motion is postponed to another term upon the application of the opposing party.

It is not a proper ground for granting a retaxation of costs, in behalf of a party who has appeared and opposed particular items in the bill, that the taxing officer has, by inadvertence, erroneously allowed an item which was not objected to before him.

The party applying for a retaxation of costs will be charged with the costs of opposing his application, where he does not succeed in obtaining a retaxation as to any one of the items objected to before the taxing officer.

But the court will not permit a party to retain, in his bill, charges which are clearly improper to be retained; although no objection was made to them before the taxing officer.

THIS was an application, by the complainant, for the retaxation of the costs of the seven defendants in this cause who appeared by J. Powers, as their solicitor. The questions presented upon the application are fully stated in the chancellor's opinion.

*J. Rhoades*, for the complainant.

*J. Van Vleck*, for the defendants.

THE CHANCELLOR. The principal objection to the bill as taxed, is that the taxing officer has allowed the expense of four answers, in part, when, as it is insisted by the complainant's counsel, all the defendants who appeared by the same solicitor should have joined in one answer. The subpœnas were probably served upon the several defendants at different times. Fo, Schuneman appeared, and an order to answer was served upon his solicitor, about the middle of August; but the appearances of the other defendants were not entered until on or after the 20th of September. And the affidavit of the solicitor states

that the separate answer of Schuneman was prepared before such solicitor was retained by the other defendants, and before he knew what their defences were. As the answer was not actually sworn to and filed until after the solicitor was retained by the other defendants, he might, perhaps, have gotten the time allowed for Schuneman to answer extended, by an application to the court, or to a vice chancellor, upon an affidavit of the fact that the defences of his other clients were the same and that he wished to save the expense of separate answers. But as the complainant was pressing on the suit against the first defendant, without waiting to see whether the other defendants would appear in the cause, and the time for answering had nearly expired when the other defendants appeared, I think the solicitor of the defendants was not bound to put his client Schuneman to the expense of such an order, or to alter his answer which had already been prepared for filing within the forty days allowed for that purpose. Nor was he bound to commit his other clients to the same defence, when they might have conflicting rights with the defendant Schuneman, without giving them a reasonable time to ascertain that fact. It turned out afterwards, that the defendants Green and Blackman set up defences which rendered it proper for them to put in answers different from that of Schuneman, and in some respects materially different from each other.

As I understand it, the bill was filed to compel all the defendants, who were alleged to be stockholders of the bankrupt rail-road company, to contribute ratably to the debts of the corporation, according to the number of shares held by each, as stated in the complainant's bill. If the complainant had succeeded, therefore, Schuneman and the two Abells and the two Lockies would have had a common interest with the complainant in maintaining that Green was a stockholder to the amount of the fifty shares, as stated in the bill, and that Blackman was also a stockholder of the company. On the contrary, Green was interested in reducing the amount of his stock to the twenty shares stated in his answer; but he had a common interest with the complainant, and the other defendants, except

Blackman and the receiver, in sustaining the allegation in the bill that Blackman was a stockholder, and was liable to contribute as such. The five first named defendants, for whom Powers appeared, could not reasonably be required to join in answers which, if the facts stated therein should be sustained by proofs, would increase the amount of contributions for which those five defendants would be liable. Nor could Green, who admitted himself to be a stockholder to the amount of the twenty shares held in trust for him by Cornall and others, be reasonably required to join in the answer of Blackman ; who denied his liability as a stockholder altogether, upon the alleged ground that the whole capital stock of the company had been taken up by others at the time when he became a subscriber, and that his subscription was therefore a nullity. For these reasons, I think the solicitor of these seven defendants was entitled to charge for that portion of the four answers which has been allowed by the taxing officer.

Both charges for attending to oppose the special motion, of which notice had been given by the adverse party for the first day of the general term, and which was finally put over until the next special term upon the application of the complainant's counsel, appear to have been properly allowed. The case would have been different if the hearing of the matter had been postponed to another motion day upon the application of the counsel for the defendants, for his or their accommodation. (*Frost* v. *Frost*, 1 *Barb. Ch. Rep.* 492.)

The taxing officer properly disallowed the charges for abbreviating the schedules to the answers, so far as they were objected to, as not properly taxable, under the fee bill. But as the objection was not made in reference to the answer of Schuneman, and the charge for abbreviating that answer did not show that it included the abbreviation of the schedule, it was overlooked by the taxing officer. It now appears, however, that the schedule was included in the 127 folios, for the abbreviating of which the charge was made. So that the bill of the solicitor for the defendants, as taxed, was in fact about $1 too much.

It is not a proper ground for a retaxation, however, in behalf of a party who has appeared and opposed particular items in a bill of costs, that the taxing officer has, by inadvertence, allowed an item which was not objected to. The party applying for a retaxation, therefore, should pay the costs of opposing his application, if he does not succeed in obtaining a retaxation as to some one of the items objected to before the taxing officer. But the court will not permit the adverse party to retain, in his bill, charges which are clearly improper to be retained; although no objection was made to them upon the taxation. The $1,05 allowed for the abbreviating of the schedule annexed to Schuneman's answer, must therefore be disallowed. The shorter way to disallow it, however, is to deduct it from the $15, to which the defendant's solicitor is entitled for opposing this application.

The form of the order, therefore, will be that the motion for retaxation in this suit be denied with $13,95 costs. And a similar order is to be entered in the suit of Frederick Pentz against the same defendants.